UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
FELIX PEGUERO, On Behalf of Himself And All Others
Similarly Situated,

                Plaintiff,

      -vs.-

Case No.

**COMPLAINT**

FLAIR REDEMPTION MANAGEMENT CORP.
and RAMON GERMOSEN,

                Defendants.
------------------------------------------------------------------------X

    Plaintiff, Felix Peguero, (hereinafter "Plaintiff"), on behalf of himself and all others similarly situated (collectively as "FLSA Plaintiffs") by and through his attorneys, THE LAW OFFICES OF WILLIAM CAFARO, as and for his Complaint against ("Flair") and RAMON GERMOSEN ("Germosen") (together as "Defendants"), allege upon knowledge as to himself and his own actions and upon information and belief as to all other matters as follows:

## NATURE OF CASE

    1.    This is a civil action for damages and equitable relief based upon Defendants' flagrant and willful violations of Plaintiffs' rights guaranteed to him by: (i) the minimum wage provisions of the Fair Labor Standards Act ("FLSA), 29 U.S.C. §§ 201 *et seq.*; (ii) the minimum wage provisions of the New York Labor Law ("NYLL"), Article 19, §§ 650 *et seq.*; (iii) the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 207(a); (iv) the overtime provisions of New York Labor Law § 160 and the corresponding N.Y. Comp. Codes R. & Regs ("NYCCRR"); (v) the requirement that employers furnish employees with wage statements on each payday containing specific categories of information under the NYLL § 195(3); (vi) the requirement that employers furnish employees with a wage notice at the time of hiring containing

specific categories of accurate information, NYLL § 195(1); and (vii) any other claim(s) that can be inferred from the facts set forth herein.

2.     Plaintiff worked for Defendants - - a recycling company and its owner - - Plaintiff worked for Defendants from on or about June 1, 2015 through on or about January 3, 2018. Throughout his employment, Defendants regularly required Plaintiff to work, and Plaintiff regularly did work, at least 71 hours a week. However, Defendants failed to pay Plaintiff at the minimum wage or overtime rate of pay of one and one-half times his regular rate of pay for each hour that Plaintiff worked per week in excess of forty, as the FLSA and the NYLL require. Furthermore, Defendants failed to furnish Plaintiff with accurate and/or complete wage statements on each payday as the NYLL requires or provide Plaintiff with a wage notice containing the criteria enumerated under the NYLL.

3.     Defendants paid and treated of all their non-managerial employees who worked for them in the same manner.

4.     Plaintiff brings this lawsuit against Defendants pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of himself, individually, and on behalf of all other persons similarly-situated during the applicable FLSA limitations period who suffered damages as a result of Defendants' willful violations of the FLSA. Plaintiff also brings his claims under the NYLL and its implementing regulations on behalf of himself, individually, and on behalf of any FLSA Plaintiff who opts into this action.

## JURISDICTION AND VENUE

5.     Plaintiff invokes the jurisdiction of this Court pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. § 201, *et seq*. Plaintiff further invokes the supplemental jurisdiction

of this Court pursuant to 28 U.S.C. § 1367, which confers supplemental jurisdiction on this Court for claims arising under New York law.

6. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(2), as all actions comprising the claims for relief occurred within this judicial district.

## **PARTIES**

7. At all relevant times, Plaintiff is a resident of the State of New York, resides in Bronx County, and was an "employee" entitled to protection as defined by the FLSA, the NYLL, and the NYCCRR.

8. At all relevant times herein, Flair was and is a domestic business corporation with its principal place of business located at 3835 9th Avenue, New York, NY 10034.

9. At all relevant times herein, Defendant Germosen was a resident of the State of New York and had an actual place of business located at 3835 9th Avenue, New York, NY 10034.

10. At all relevant times herein, Defendant Germosen was the president, and/or owner, and/or day-to-day overseer of Flair.

11. At all relevant times herein, Defendants were "employers" within the meaning of the FLSA, NYLL, and the NYCCRR. Additionally, Defendants' qualifying annual business exceeded $500,000, and Defendants were engaged in interstate commerce within the meaning of the FLSA as they used supplies in the course of business, such as recyclables, much of which originated in states other than New York, the combination of which subjects Defendant to the FLSA's overtime requirements as an enterprise. Furthermore, all of Defendants' employees, including Plaintiffs, the FLSA Plaintiffs, and the Rule 23 Plaintiffs, were individually engaged in interstate commerce as they frequently used goods that have been, and continue to be, moved in

interstate commerce. This independently subjects Defendants to the overtime wage requirements of the FLSA with respect to Plaintiffs and the FLSA Plaintiffs.

## COLLECTIVE ACTION ALLEGATIONS

12. Plaintiff seeks to bring this suit to recover from Defendants his full payment of all unpaid minimum wage and overtime compensation and liquidated damages under the applicable provisions of the FLSA, 29 U.S.C. § 216(b), individually, on his own behalf, as well as on behalf of those in the following collective:

> Current and former non-exempt employees of Defendants who, during the applicable FLSA limitations period, performed any work for Defendants as non-managerial employees who give consent to file a claim to recover damages for minimum wage compensation that is legally due to them and/or overtime compensation that is legally due to them for time worked in excess of forty hours per week ("FLSA Plaintiffs").

13. Defendants treated Plaintiff and all FLSA Plaintiffs similarly in that Plaintiff and all FLSA Plaintiffs: (1) performed similar tasks, as described in the "Background Facts" section below; (2) were subject to the same laws and regulations; (3) were paid in the same or similar manner; (4) were required to work in excess of forty hours each workweek; (5) were not paid the required minimum wage rate; and (6) were not paid the required rate of one and one-half times their respective regular rates of pay for all hours worked over forty in a workweek.

14. At all relevant times, Defendants were aware of the requirement to pay Plaintiff and all FLSA Plaintiffs at the minimum wage for the first forty hours of work and at an amount equal to one and one-half times their respective regular rates of pay for all hours worked each workweek above forty, yet Defendants purposefully chose not to do so. Thus, Plaintiff and all

FLSA Plaintiffs are victims of Defendants' pervasive practice of willfully refusing to pay their employees overtime compensation, in violation of the FLSA.

## BACKGROUND FACTS

15. Defendants own and operate a recycling company in Manhattan, New York.

16. At all relevant times, Defendant Germosen was the owner and day-to-day overseer of Flair who in that capacity was responsible for hiring and firing employees, determining their rates and methods of pay and the hours that employees were required to work. Furthermore, Defendant Germosen hired Plaintiff.

17. From on or about June 1, 2015 through on or about January 3, 2018, Plaintiff worked for Defendants loading and unloading recyclable materials/items for processing.

18. From the beginning of his employment through December 31, 2016, Defendants required Plaintiff to work – and he did in fact work – Monday through Thursdays, inclusive, from 8:00AM until 7:00PM; Fridays and Saturdays, inclusive, from 8:00AM until 8:00PM and Sundays from 10:00AM until 4:00PM, for a total of 74 hours per week.

19. From on or about January 1, 2017 through January 3, 2018, Defendants required Plaintiff to work – and he did in fact work – Monday through Thursdays, inclusive, from 8:30 AM until 7:00PM; Fridays and Saturdays, inclusive, from 8:30AM until 8:00PM and Sundays from 10:00AM until 4:00PM, for a total of 71 hours per week.

20. Throughout his entire employment, Defendants failed to compensate Plaintiff with the applicable minimum wage, as required under the FLSA and NYLL.

21. From the beginning of his employment through on or about December 31, 2016, Defendants paid Plaintiff $8.75 per hour for all hours of work, including those he worked over forty per week.

22. From on or about January 1, 2017 through on or about January 3, 2018, Defendants paid Plaintiff $11.00 per hour for all hours of work, including those he worked over forty per week.

23. Plaintiff worked more than forty hours in most, if not all, workweeks in which Defendants employed him. For example, from February 5, 2017 February 11, 2017, Plaintiff worked 71 hours.

24. Throughout his entire employment, Defendants paid Plaintiff in case, on a weekly basis, without providing him with any wage statements that reflected the amount of hours that he actually worked, his regular rate of pay or his overtime rate of pay for each hour he worked in excess of forty hours in a given workweek.

25. Defendants intentionally did not provide Plaintiff with a wage notice at the time of his hire, or at any time thereafter, containing any of the following information: his rates of pay and basis thereof; whether Plaintiff was paid by the hour, shift, day, week, salary, piece, commission, or other; whether any allowances were claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by Defendants; the name and physical addresses of Defendants; any "doing business as" names used by Defendants; and Defendants' mailing addresses and telephone numbers.

26. Defendants acted in the manner described herein so as to maximize their profits while minimizing their labor costs.

27. Every hour that Plaintiff worked was for Defendants' benefit.

28. Defendants treated all FLSA Plaintiffs in the manner described above.

### FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS
#### Unpaid Minimum Wage under the FLSA

29. Plaintiff and the FLSA Plaintiffs hereby incorporate all the preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

30. The minimum wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.*, and the supporting federal regulations, apply to Defendants and protect the Plaintiff and the FLSA Plaintiffs.

31. Defendants have failed to pay the proper statutory minimum wage to which Plaintiff and the FLSA Plaintiffs have been entitled under the FLSA.

32. Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of the Plaintiff and the FLSA Plaintiffs

33. As Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

34. As a result of Defendants' violations of the FLSA, the Plaintiff and the FLSA Plaintiffs has been deprived of the proper minimum wage compensation in amounts to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

***SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS***
*Unpaid Minimum Wage under the NYLL*

35. The Plaintiff and any FLSA Plaintiff who opts-in to this action hereby incorporate all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

36. At all times herein pertinent, the Plaintiff and any FLSA Plaintiff who opts-in to this action were employees of Defendants within the meaning of the New York Labor Law.

37. Defendants are employers of the Plaintiff and any FLSA Plaintiff who opts-in to this action within the meaning of the New York Labor Law.

38. The minimum wage provisions of Article 19 of the New York Labor Law and its supporting regulations apply to Defendants.

39. Defendants have failed to pay the Plaintiff and any FLSA Plaintiff who opts-in to this action the proper minimum wages to which they were entitled under the New York Labor Law.

40. By Defendants' failure to pay the Plaintiff and any FLSA Plaintiff who opts-in to this action Plaintiffs proper minimum wages for hours worked up to the first 40 hours per week, they have willfully violated the New York Labor Law Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

41. Due to Defendants' violations of the New York Labor Law, Plaintiff and any FLSA Plaintiff who opts-in to this action are entitled to recover from Defendants their unpaid minimum wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

### THIRD CLAIM FOR RELIEF AGAINST DEFENDANTS
*Unpaid Overtime under the FLSA*

42. Plaintiff and the FLSA Plaintiffs hereby incorporate all the preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

43. Defendants were required to directly pay the Plaintiff and the FLSA Plaintiffs an overtime premium of one and one-half times their regular rate of pay for all hours worked over forty (40) in a given workweek.

44. As described above, Defendants are employers within the meaning of the FLSA, while Plaintiff and the FLSA Plaintiffs are employees within the meaning of the FLSA.

45. As also described above, Plaintiff and the FLSA Plaintiffs worked in excess of forty (40) hours per week, yet Defendants failed to compensate them in accordance with the FLSA's overtime provisions.

46. The Defendants willfully violated the FLSA.

47. As such, Plaintiff and the FLSA Plaintiffs are entitled to overtime pay for all hours worked per week in excess of forty (40) at the rate of one and one-half times their respective standard rate of pay.

48. Plaintiff and the FLSA Plaintiffs are also entitled to liquidated damages and attorneys' fees for the Defendants' violation of the FLSA's overtime provisions.

49. All of the foregoing constituted willful and repeated violations of the Fair Labor Standards Act, so the applicable statute of limitations is three years pursuant to 29 U.S.C. § 255(a).

### *FOURTH CLAIM FOR RELIEF AGAINST DEFENDANTS*
*Unpaid Overtime under the NYLL*

50. Plaintiff and any FLSA Plaintiff who opts-in to this action hereby incorporate all the preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

51. Defendants were required to directly pay the Plaintiff and any FLSA Plaintiff who opts-in to this action an overtime premium of one and one-half times their regular rate of pay for all hours worked over forty (40) in a given workweek.

52. As described above, Defendants are employers within the meaning of the NYLL, while Plaintiff and any FLSA Plaintiff who opts-in to this action are employees within the meaning of the NYLL.

53. As also described above, Plaintiff and any FLSA Plaintiff who opts-in to this action worked in excess of forty (40) hours per week, yet Defendants failed to compensate them in accordance with the NYLL's overtime provisions.

54. Due to Defendants' violations of the New York Labor Law, Plaintiff and any FLSA Plaintiff who opts-in to this action are entitled to recover from Defendants their unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

### FIFTH CLAIM FOR RELIEF AGAINST DEFENDANTS
*Failure to Furnish Wage Statements in Violation of the NYLL*

55. Plaintiff and any FLSA Plaintiff who opts-in to this action hereby incorporate all the preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

56. NYLL § 195(3) requires employers to furnish employees with wage statements containing accurate, specifically enumerated criteria on each occasion when the employer pays wages to employees.

57. As described above, the Defendants willfully failed to furnish Plaintiff and any FLSA Plaintiff who opts-in to this action with accurate wage statements containing the criteria required under the NYLL.

58. Prior to February 27, 2015, pursuant to NYLL § 198(1-d), Defendants are liable to the Plaintiff and any FLSA Plaintiff who opts-in to this action for each workweek after the violation occurred, up to the statutory cap of $2,500.

59. On or after February 27, 2015, pursuant to NYLL § 198(1-d), Defendants are liable to the Plaintiff and any FLSA Plaintiff who opts-in to this action in the amount of $250 for each workday after the violation occurred, up to a statutory cap of $5,000.

### SIXTH CLAIM FOR RELIEF AGAINST DEFENDANTS
*Failure to Furnish Proper Wage Notices in Violation of the NYLL*

60. Plaintiff and any FLSA Plaintiff who opts-in to this action hereby incorporate all the preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

61. The NYLL § 195(1) requires that employers provide employees with a wage notice at the time of hire containing accurate, specifically enumerated criteria.

62. Each Defendant is an employer within the meaning of the NYLL and the NYCCRR, while Plaintiff and any FLSA Plaintiff who opts-in to this action are employees within the meaning of the NYLL and the NYCCRR.

63. Defendants willfully failed to provide Plaintiff and any FLSA Plaintiff who opts-in to this action with a wage notice containing the criteria enumerated under the NYLL.

64. Prior to February 27, 2015, pursuant to NYLL § 198(1-b), Defendants are liable to Plaintiff and any FLSA Plaintiff who opts-in to this action in the amount of $50 for each workweek after the violations initially occurred, up to a statutory cap of $2,500.

65. On or after February 27, 2015, pursuant to NYLL § 198(1-b), Defendants are liable to Plaintiff and any FLSA Plaintiff who opts-in to this action in the amount of $50 for each workday after the violations initially occurred, up to a statutory cap of $5,000.

### DEMAND FOR A JURY TRIAL

66. Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury in this action.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff and FLSA Plaintiffs demand judgment against the Defendants as follows:

a. A judgment declaring that the practices complained of herein are unlawful and in willful violation of the aforementioned United States and New York State laws;

b. Preliminary and permanent injunctions against Defendants and their agents, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

c. An order restraining Defendants from any retaliation against any individual for participating in any form in this lawsuit;

d. Designation of this action as a FLSA collective action on behalf of Plaintiff and FLSA Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Plaintiffs, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

e. All damages that Plaintiff and FLSA Plaintiffs have sustained as a result of the Defendants' conduct, including all unpaid wages and any short fall between wages paid and those due under the law that Plaintiff would have received but for the Defendants' unlawful payment practices;

f. Liquidated damages and any other statutory penalties as recoverable under the FLSA and NYLL;

g. Awarding Plaintiff and FLSA Plaintiffs their costs and disbursements incurred regarding this action, including reasonable attorneys' fees, expert witness fees, and other costs;

h. Designation of Plaintiff and his counsel as collective action representatives under the FLSA and the FRCP;

i. Pre-judgment and post-judgment interest, as provided by law; and

  j. Granting Plaintiff other and further relief as this Court finds necessary and proper.

Dated: New York, New York
   February 4, 2019

              Respectfully submitted,
              LAW OFFICES OF WILLIAM CAFARO

              _____
              Louis M. Leon (LL 2057)
              *Attorneys for Plaintiff*
              108 West 39th Street, Suite 602
              New York, New York 10018
              (212) 583-7400
              LLeon@Cafaroesq.com