**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X
FELIX PEGUERO, On Behalf of Himself And All
Others

                              Plaintiff,
        -against-                                      Docket No. 19-cv-01068 (VSB)

FLAIR REDEMPTION MANAGEMENT CORP.
and RAMON GERMOSEN,
                              Defendants.
-----------------------------------------------------------------X

## NEGOTIATED SETTLEMENT AGREEMENT AND RELEASE OF FLSA CLAIMS

Plaintiff FELIX PEGUERO ("Plaintiff") and Defendants FLAIR REDEMPTION MANAGEMENT CORP. (collectively "Defendants") ("Plaintiff and "Defendants" together the "Parties") desire to settle and resolve fully all claims under the Fair Labor Standards Act ("FLSA Claims") that have been or could have been brought against Defendants by Plaintiff, and have reached a compromise settlement agreement to dispose of all such claims, including but not limited to, Plaintiff's FLSA claims asserted in the lawsuit captioned *Peguero v. Flair Redemption Management Corp., et al.*, Case No. 19-cv-01068 (VSB), pending in the United States District Court for the Eastern District of New York ("Action"). Therefore, in consideration of the foregoing, Plaintiff and Defendant agree as follows:

1.      **Consideration.**  In consideration for Plaintiff's timely signing this Negotiated Settlement Agreement & Release ("Agreement") and complying with the promises made by Plaintiff contained in this Agreement, including the release of claims set forth below, Defendants agree to provide Plaintiff with the total settlement sum of Sixty Thousand  Dollars ($60,000) in consideration for and in full satisfaction of all FLSA claims Plaintiff may have against Releasees (as defined below), known or unknown, asserted or unasserted, through the date of his execution of the Agreement.  Such payment shall be apportioned between Plaintiff and Plaintiff's counsel as follows:

> (a) One check made payable to "Felix Peguero" in the amount of Twenty Thousand Dollars and Zero Cents ($20,000), less applicable taxes and withholdings, in full satisfaction of all FLSA claims Plaintiff may have for wages allegedly owed, which shall be reportable on an IRS Form W-2;

> (b) One check made payable to "Felix Peguero" in the amount of Twenty Thousand Dollars and Zero Cents ($20,000), in full satisfaction of all FLSA claims Plaintiff may have for alleged liquidated damages, penalties and interest, which shall be reportable on an IRS Form 1099;

1

(c) One check made payable to "Law Offices of William Cafaro, as attorneys for Felix Peguero in the amount of Twenty Thousand Dollars and Zero Cents ($20,000), as payment for attorneys' fees, which shall be reportable on an IRS Form 1099.

(d) The payments set forth in in paragraphs "1(a)," "1(b)," and "1(c)" will be sent to Plaintiff's counsel of record, Louis M. Leon, Esq., within twenty-one (21) days after the later of the following: (i) Defendants' counsel is in receipt from Plaintiff of one (1) copy of this Agreement appropriately signed and dated by Plaintiff, including a Stipulation and Order of Final Dismissal with Prejudice executed by Plaintiff's counsel, along with IRS Forms W-9 executed by Plaintiff and Plaintiff's counsel; and (ii) Defendants' counsel is in receipt of notice of the Court's approval of all terms of the Agreement and also in receipt of the Stipulation and Order of Final Dismissal with Prejudice of Plaintiff's Claims in the form attached hereto as Exhibit "A" signed and entered by the Court.

(e) **Indemnification**. Plaintiff shall be solely responsible for the payment of all taxes, interest, penalties and other liabilities or costs that may be assessed in connection with the settlement sum set forth in Paragraph "1(b)" above. Plaintiff further agrees to indemnify and hold Releasees harmless against the payment of any such taxes, interest, penalties and other liabilities or costs that may be assessed against it in connection with the settlement sum described in Paragraph "1(b)" above. Plaintiff acknowledges that he has not relied on any oral or other representations made by Defendants or Defendants' counsel regarding the tax consequences of any of the amounts paid pursuant to this Agreement.

2.      **No Consideration Absent Execution of this Agreement**. Plaintiff understands and agrees that Plaintiff would not receive the monies specified in paragraph "1" above, except for Plaintiff's execution of this Agreement and the fulfillment of the promises contained herein.

3.      **Release of FLSA Claims**. Plaintiff, his heirs, executors, administrators, successors and assigns voluntarily release and forever discharge Defendants, the corporate Defendants' respective parent companies, subsidiaries and affiliated entities (including but not limited to New Restart, Inc.), and each of their current and former trustees, administrators, executors, agents, owners, attorneys, employees, officers, directors, insurers, reinsurers, predecessors, successors and assigns, and their employee benefit plans and programs and their administrators and fiduciaries, both individually and in their official capacities (collectively "Releasees") of and from any and all FLSA claims which Plaintiff has or may have against Releasees as of the date of Plaintiff's execution of this Agreement, whether known or unknown, asserted or unasserted based upon any conduct occurring from the beginning of time up to and including the date of the complete execution of this Agreement.

2

4.      **Acknowledgments and Affirmations.**  Plaintiff affirms that Plaintiff has not filed or caused to be filed and is not presently a party to any claim against Defendants except for his claims in the Action, which he agrees to the dismissal of with prejudice.

The Parties acknowledge that this Agreement does not limit either party's right, where applicable, to file or participate in an investigative proceeding of any federal, state or local governmental agency.   To the extent permitted by law, Plaintiff agrees that if such an administrative claim is made, Plaintiff shall not be entitled to recover any individual monetary relief or other individual remedies.

5.      **Procedure.**   After this Agreement and the Stipulation and Order of Final Dismissal with Prejudice of Plaintiff's Claims ("Stipulation") attached as **Exhibit "A"** are fully-executed by the Parties and their counsel, and the settlement agreement between the Parties to resolve Plaintiff's non-FLSA wage-hour claims alleged in the Action (the "Non-FLSA Agreement") is fully executed by the Parties, subject to Defendants' review of the motion for judicial approval of the settlement, Plaintiff will submit the Agreement and Stipulation to the Court for the Court's consideration and approval.  The Court's approval of all provisions of this Agreement is a material term of this Agreement.

6.      **Governing Law and Interpretation.**  This Agreement shall be governed and conformed in accordance with the laws of the State of New York without regard to its conflict of laws provision.  In the event of a breach of any provision of this Agreement, any party may institute an action specifically to enforce any term or terms of this Agreement and/or to seek any damages for breach.   Should any provision of this Agreement be declared illegal or unenforceable by any court of competent jurisdiction and cannot be modified to be enforceable, excluding the release language, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect.

7.      **Nonadmission of Wrongdoing.**  The Parties agree that neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by Releasees of wrongdoing or evidence of any liability or unlawful conduct of any kind.

8.      **Amendment.**  This Agreement may not be modified, altered or changed except in writing and signed by all Parties wherein specific reference is made to this Agreement.

9.      **Entire Agreement.**  This Agreement sets forth the entire agreement between the Parties hereto, and fully supersedes any prior agreements or understandings between the Parties, except for the Non-FLSA Agreement, which is being executed simultaneous with this Agreement  Plaintiff acknowledges that he has not relied on any representations, promises, or agreements of any kind made to Plaintiff in connection with his decision to accept this Agreement.

10.   **Counterparts.**   This Agreement may be executed in counterparts with all counterparts constituting the entire Agreement and with the same full force and effect as if this Agreement were not executed in counterparts.   Electronic and facsimile signatures shall be deemed as originals.

11.   **Translation.**   Plaintiff confirms and acknowledges that this Agreement has been verbally translated into his primary languages before signing, and that Plaintiff fully understands this Agreement's terms and conditions.

PLAINTIFF IS HEREBY ADVISED IN WRITING THAT HE IS AFFORDED UP TO TWENTY-ONE (21) CALENDAR DAYS TO CONSIDER THIS AGREEMENT AND TO CONSULT WITH HIS ATTORNEY, LOUIS M. LEON, ESQ., PRIOR TO EXECUTION OF THIS AGREEMENT, WHICH HE AGREES THAT HE HAS DONE.

PLAINTIFF AGREES THAT ANY MODIFICATIONS, MATERIAL OR OTHERWISE, MADE TO THIS AGREEMENT DO NOT RESTART OR AFFECT IN ANY MANNER THE ORIGINAL UP TO TWENTY-ONE (21) CALENDAR DAY CONSIDERATION PERIOD.

HAVING ELECTED TO EXECUTE THIS AGREEMENT AND TO FULFILL THE PROMISES SET FORTH HEREIN AND TO RECEIVE THEREBY THE SETTLEMENT SUM SET FORTH IN THIS AGREEMENT, PLAINTIFF FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION AND DISCUSSION WITH HIS ATTORNEY, ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL CLAIMS HE HAS OR MIGHT HAVE AGAINST RELEASEES.

The Parties knowingly and voluntarily sign this Agreement as of the date(s) set forth below:

Plaintiff certifies as follows: I have read this agreement or it has been translated for me and I understand completely its contents. *He leído este acuerdo o ha sido traducido para mí y entiendo completamente su contenido.*

FELIX PEGUERO

Dated: 10-09 , 2019

_____
Felix Peguero

FLAIR REDEMPTION MANAGEMENT CORP.

Dated: 10-09 , 2019

By: _____

4

Dated: 10-09 , 2019

RAMON GERMOSEN

_____
Ramon Germosen

# EXHIBIT "A"

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------X
FELIX PEGUERO, On Behalf of Himself And All
Others

Plaintiff,

-against-

Docket No. 19-cv-01068 (VSB)

FLAIR REDEMPTION MANAGEMENT CORP.
and RAMON GERMOSEN,

Defendants.

------------------------------------------------------------------X

## STIPULATION AND ORDER OF FINAL DISMISSAL WITH PREJUDICE OF PLAINTIFF'S CLAIMS

Plaintiff FELIX PEGUERO ("Plaintiff") and Defendants FLAIR REDEMPTION

MANAGEMENT CORP. and RAMON GERMOSEN, (collectively "Defendants") that the

Negotiated Settlement Agreement and Release of FLSA Claims in this matter having been

reviewed by the Court and found to be fair and reasonable, Plaintiff's claims in the above-

captioned action shall be dismissed in their entirety, with prejudice, in accordance with the terms

of the Negotiated Settlement Agreement and Release.

LAW OFFICES OF WILLIAM CAFARO
*Attorneys for Plaintiff*
108 West 39th Street, Suite 602
New York, NY 10018
Tel. No. (212) 583-7400

By: _____
Louis M. Leon, Esq.

Dated: October 9 , 2019

Law Offices of Richard C. Ebeling
*Attorneys for Defendant*
8 Woodridge
Putnam Valley, NY 10579
Tel. No. (2845) 528-0910

By: _____
Richard C. Ebeling, Esq.

Dated: 10 - 16 - . 2019

SO ORDERED on this _____ day of _____, 2018.

_____
Hon. Vernon S. Broderick
United States District Judge