```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
FELIX PEGUERO,                                              :
                                                            :
                              Plaintiff,                    :
                                                            :         19-cv-1068 (VSB)
              -v-                                           :
                                                            :
FLAIR REDEMPTION MANAGEMENT                                 :         ORDER
CORP., et. al.,                                             :
                                                            :
                              Defendants.                   :
------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/10/2020

<u>VERNON S. BRODERICK</u>, United States District Judge:

The parties have advised me that they have reached a settlement in this Fair Labor Standards Act ("FLSA") case. (Doc. 21.) Parties may not privately settle FLSA claims with prejudice absent the approval of the district court or the Department of Labor. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 200 (2d Cir. 2015). In the absence of Department of Labor approval, the parties must satisfy this Court that their settlement is "fair and reasonable." *Velasquez v. SAFI-G, Inc.*, 137 F. Supp. 3d 582, 584 (S.D.N.Y. 2015). For the reasons stated below, I find that the settlement of the parties is fair and reasonable and therefore approve the settlement.

   **I.**    <u>**Legal Standard**</u>

To determine whether a settlement is fair and reasonable under the FLSA, I "consider the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the

product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion." *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). "In addition, if attorneys' fees and costs are provided for in the settlement, district courts will also evaluate the reasonableness of the fees and costs." *Fisher v. SD Prot. Inc.*, 948 F.3d 593, 600 (2d Cir. 2020). In requesting attorneys' fees and costs, "[t]he fee applicant must submit adequate documentation supporting the [request]." *Id.* The Second Circuit has described a presumptively reasonable fee as one "that is sufficient to induce a capable attorney to undertake the representation of a meritorious civil rights case." *Restivo v. Hessemann*, 846 F.3d 547, 589 (2d Cir. 2017) (citation omitted). A fee may not be reduced "merely because the fee would be disproportionate to the financial interest at stake in the litigation." *Fisher*, 948 F.3d 593 at 602 (citing *Kassim v. City of Schenectady*, 415 F.3d 246, 252 (2d Cir. 2005)). "When a district court concludes that a proposed settlement in a FLSA case is unreasonable in whole or in part, it cannot simply rewrite the agreement, but it must instead reject the agreement or provide the parties an opportunity to revise it." *Id.* at 597.

**II.   Discussion**

The parties have submitted a letter with exhibits detailing why they believe the settlement reached in this action, and the contemplated attorney's fees and costs, are fair and reasonable. (Doc. 21.) I have reviewed the settlement agreement and the supporting materials, and conclude that the terms of the settlement agreement are fair, reasonable, and adequate.

**A.  *Settlement Amount***

I first consider the settlement amount. The agreement provides for a settlement amount of $60,000, with $20,000 of that amount to be distributed in attorney's fees, for a total payment to Plaintiff of $40,000. (Doc. 21, at 2–3.) Counsel represents that Plaintiff's maximum recovery

in this case would be $53,237.11, including liquidated damages calculated as 100 percent of wages owed. (*Id.* at 2.) Given the inherent risks of proceeding with litigation, and given that the total settlement exceeds Plaintiff's damages—with Plaintiff's own take-home recovery approaching the wages he claims he is owed—I find the settlement amount to be reasonable.

Plaintiff alleges that he regularly worked over 40 hours per week but did not receive overtime, and that he was not always paid the statutorily required minimum wage. (*Id.* at 2.) While Plaintiff's counsel states he is confident in the merits of Plaintiff's claim, Defendants deny Plaintiff's allegations and assert that Plaintiff worked part or most of his weekly hours for another corporate entity that is not named as a defendant in this case and is separate and distinct from the named Defendants. (*Id.* at 2.) These factors would create uncertainty at trial. (*Id.* at 3.) Plaintiff would also have to expend time and money on discovery, motion practice, and trial, and any recovery he did eventually receive would be delayed. Finally, there is no basis for me to believe that there was any fraud or collusion involved in the settlement. The parties' settlement agreement appears to have been the result of arm's-length negotiations between counsel experienced in wage and hour matters, following extensive discovery, including depositions. Therefore, based on the representations of the parties and my own analysis of the totality of the circumstances present here, I find that the settlement agreement appears to be a fair and reasonable resolution of this dispute.

### B. *Attorney's Fees*

I next consider the attorney's fees contemplated in the settlement agreement. Counsel seeks $20,000 in fees, which represents one-third of the total settlement amount. (*Id.* at 5.) In support of this request, Plaintiff's counsel has submitted its billing records and costs in this case. (Doc. 21-2.) In addition, Plaintiff's counsel represents that, per the terms of its retainer

agreement, Plaintiff agreed to a 40 percent contingency fee at the outset of this litigation, and which exceeds the percentage of the recovery now sought.

As an initial matter, courts regularly approve attorney's fees of one-third of the settlement amount in FLSA cases.  *See Pinzon v. Jony Food Corp.*, No. 18-CV-105 (RA), 2018 WL 2371737, at *3 (S.D.N.Y. May 24, 2018) ("When using a 'percentage of the fund' approach, 'courts regularly approve attorney's fees of one-third of the settlement amount in FLSA cases.'" (quoting *Meza v. 317 Amsterdam Corp.*, No. 14-CV-9007 (VSB), 2015 WL 9161791, at *2 (S.D.N.Y. Dec. 14, 2015)).

Further, Plaintiff's counsel has expended 23.3 hours of time in this case, including engaging in document discovery and participating in mediation, as well as dealing with the specific issues that arose in this case when Defendants' counsel absconded in the middle of settlement discussions.  A one-third award in this case therefore represents reasonable compensation for the work put in by counsel.

The requested amount represents a multiplier of 3.81 on a lodestar figure of $5,242.50, which is within the range of multipliers that courts in this district approve as reasonable. *See Montalvo v. Flywheel Sports, Inc.*, 2018 WL 7825362, at *6 (S.D.N.Y. July 27, 2018) ("Given that courts in this district will often approve lodestar multipliers between two and four times, counsel's requested fee appears reasonable."); *Johnson v. Brennan*, No. 10-CV-4712 (CM), 2011 WL 4357376, at *20 (S.D.N.Y. Sept. 16, 2011) ("Courts regularly award lodestar multipliers from two to six times lodestar.").  Although the multiplier is on the higher end of the range, particularly given the somewhat limited number of hours expended, "the most critical factor' in determining the reasonableness of a fee award 'is the degree of success obtained." *Fisher*, 948 F.3d at 606.  "Courts also recognize that efficiency should not be penalized where . .

. it has produced a fair result. *Pinguil v. We are all Frank, Inc.*, No. 17-CV-2237 (BCM), 2018 WL 2538218, at *5 n.4 (S.D.N.Y. May 21, 2018) (citing *McDaniel v. Cnty. of Schenectady,* 595 F.3d 411, 418 (2d. Cir. 2010) (finding that "the percentage method . . . avoids the lodestar method's potential to 'create a disincentive to early settlement'")); *see also Zeltser v. Merrill Lynch & Co.*, No. 13 Civ. 1531 (FM), 2014 WL 4816134, at *8 (S.D.N.Y. Sept. 23, 2014). ("Fee awards in wage and hour cases are meant to encourage members of the bar to provide legal services to those whose wage claims might otherwise be too small to justify the retention of able, legal counsel." (internal quotation marks omitted)). Here, counsel's efforts have resulted in Plaintiff recovering more than the back wages he contends he is owed, while avoiding the costs and uncertainty of trial. This is a fair result, and I find the amount of attorneys' fees requested to be reasonable.

### III.  Conclusion

For the reasons stated above, I find that the parties' proposed settlement agreement is fair and reasonable. The settlement agreement of the parties is hereby APPROVED. The Clerk of Court is respectfully directed to terminate the motion at Document 21 and to close this case. SO ORDERED.

Dated:   September 10, 2020
         New York, New York

*Vernon Broderick*
Vernon S. Broderick
United States District Judge